

*This letter and attachments should be filed. So ordered.*

*[signature]*
*U.S.D.J.*
*3/11/13*

# VIRGINIA & AMBINDER LLP
Attorneys at Law

Trinity Centre
111 Broadway, Suite 1403
New York, New York 10006
Telephone: 212.943.9080
www.vandallp.com

**Suzanne B. Leeds**
Associate
sleeds@vandallp.com

January 28, 2013

RECEIVED JAN 28 2013 CHAMBERS OF JOHN G. KOELTL U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 3/11/13

**VIA FedEx Delivery**
Judge John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:    <u>Teodoro et al v. Broadway Dessert Inc. et al</u>
            11-cv-04730 (JGK) (JCF)

Dear Judge Koeltl:

    This firm is co-counsel to Plaintiffs, together with Leeds Brown Law, P.C., in the above-referenced wage and hour action. The parties submit this letter jointly to seek judicial approval for the settlement reached in this Fair Labor Standards Act ("FLSA") action. The executed Settlement Agreement is annexed hereto as Exhibit "A". For the reasons stated below, the parties respectfully request that the Agreement not be made public as its terms are confidential.

    The parties represent that the settlement agreement is fair and reasonable, and respectfully request that it be approved and the case dismissed.

## The Proposed Settlement is Fair and Reasonable

### A. Procedural Background

    This action was commenced on July 8, 2011 to recover unpaid minimum wages and overtime wages under the FLSA and New York State law allegedly owed to Plaintiffs and members of the putative class who worked at Defendants' restaurant. The Defendants submitted an Answer to the Complaint on August 29, 2011.

    The parties appeared for an Initial Conference on October 6, 2011, where Your Honor referred the case to Magistrate Judge Francis for settlement purposes. Since that



**VIRGINIA & AMBINDER LLP**
Attorneys at Law

time, the parties primarily focused on settlement so that litigation costs could be saved and instead used to resolve this matter.

In an effort to reach efficient resolution of the action, the Defendants consented to publication of an FLSA collective action notice, for settlement purposes only. As such, notice of the FLSA action was circulated to all former and current employees of French Roast, employed since November 1, 2008. As a result of the FLSA notice, ten opt-in Plaintiffs joined the action. Thereafter, the parties sought to settle the action on behalf of the two Named Plaintiffs and ten opt-in Plaintiffs.

### B. The Negotiation Process

Once the issue of the FLSA collective had been resolved, the parties appeared before Magistrate Judge Francis for a Settlement Conference on September 11, 2012. Although the parties made substantial progress through lengthy negotiations with Judge Francis's assistance, a settlement was not initially reached. Upon Plaintiffs' request, Defendants provided various time cards, schedules and payroll records pertaining to the Named Plaintiffs and opt-in Plaintiffs. There was no reason to suspect that the time and payroll records were falsified in any manner. Defendants performed an audit to determine if any wages were owed. Plaintiffs then independently performed their own audit of the records. After these audits were performed, the parties resumed their settlement discussions before Judge Francis on December 10, 2012. After much negotiation, a global resolution was reached.

In accordance with D'Amato v. Deutsche Bank, 236 F.3d 78 (2nd Cir. 2001) the parties are confident that the negotiation process was conducted at arm's length and should pass this Court's scrutiny. Virginia & Ambinder, LLP and Leeds Brown Law, P.C. are highly respected law firms, and well known in the field of wage and hour litigation. Virginia & Ambinder and Leeds Brown Law, P.C. have negotiated hundreds of settlement agreements, and thus possess the necessary experience and skill to adequately advocate on behalf of Plaintiffs.

### Settlement

Throughout the litigation, there were significant factual and legal disputes that went to the heart of Plaintiffs' claims. Defendants maintained that Plaintiffs worked fewer hours than alleged, and that all overtime and statutory minimum wages had been provided. Defendants further alleged that Plaintiff Alfredo Reyes was exempt from the FLSA, as he was purportedly a manager. These disputed issues increased the risk that the Plaintiffs would not recover a significant amount of the damages they sought. Pursuant



**VIRGINIA & AMBINDER LLP**
Attorneys at Law

to the terms of the settlement agreement, Defendants are paying the total sum of $55,000.00, of which $36,666.67 will be disbursed to Plaintiffs.

Considering the numerous risks in this case and the uncertainly of further litigation, Plaintiffs' counsel believes that this settlement is an excellent result for the Plaintiffs, and it should be approved as a fair settlement. *See e.g.* Meigel v. Flowers of the World, NYC, Inc., 2012 U.S. Dist. LEXIS 2359, at *2-3, 11 Civ. 465 (KBF) (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.") (internal citations omitted).

The Plaintiffs claimed that they were typically deprived between five to eight hours of overtime compensation per week. The settlement negotiations revealed however, that during some of Plaintiffs' employment, French Roast was not as busy due to the financial crisis, and thus there was very little overtime worked. Further, after conferring with claimants employed as servers, it was conceded that only two to three hours of overtime compensation were owed per week. Additionally, the Plaintiffs conceded that after a Department of Labor Investigation conducted in January of 2011, French Roast remedied the alleged wage and hour issues. As such, Plaintiffs' initial damage calculations were adjusted.

In light of these considerations, the settlement agreement compensates back of the house workers, bussers and runners for approximately five hours of overtime compensation for several weeks worked, and for servers three hours of overtime compensation for several weeks worked, excluding the time period after January of 2011. Most importantly, the Plaintiffs are all extremely satisfied with the settlement amount, and voluntarily and willingly entered into the settlement.

Courts consider a multitude of factors to assess whether an FLSA settlement is fair and reasonable, including: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the plaintiffs; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. D'Amato v. Deutsche Bank, 236 F.3d 78 (2nd Cir. 2001) (citing Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974); see also Elliott v. Allstate Investigations, Inc., No 07 Civ. 6078, 2008 U.S. Dist. LEXIS 21090 (S.D.N.Y.

3

**VIRGINIA
& AMBINDER LLP**
Attorneys at Law

2008). Based on the above factors the proposed settlement agreement is fair and reasonable.

### C. Plaintiffs' Attorney's Fees are Reasonable

The proposed settlement agreement also provides for attorneys' fees and costs to Virginia & Ambinder, LLP and Leeds Brown Law, P.C. in the total amount of $18,333.33, although Plaintiffs' counsel collectively expended approximately $24,497.68, with $470.85 in costs, prosecuting this case.

The amount provided to Plaintiffs' counsel under the settlement is "fair and reasonable using a 'percentage-of-recovery' method of calculation, consistent with 'the trend in this Circuit.'" Hens v. ClientLogic Operating Corp., No. 05 Civ. 3815, 2010 U.S. Dist. LEXIS 139126, at *6-7 (W.D.N.Y. Dec. 21, 2010) (quoting McDaniel v. County of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010)). The percentage of fees sought here, approximately 33.33%, is well within the range of fees typically awarded in analogous cases in this Circuit. Hens, 2010 U.S. Dist. LEXIS 139126, at *7 (collecting cases). The requested fees are also reasonable when compared to Plaintiffs' counsel's lodestar in this case. Counsel's lodestar is approximately $24,497.68 with $470.85 in costs, which does not require a lodestar multiplier, and is thus below the range awarded by courts in this Circuit. Id. at *7-8 (approving as reasonable fees and costs which were less than plaintiffs' counsel's lodestar).

Given Plaintiffs' counsel's significant experience representing plaintiffs in the New York City food service industry, Plaintiffs' counsel were able to obtain an excellent result in a relatively expeditious and efficient manner. Counsel's time was predominantly spent preparing pleadings, conferring regularly with the Plaintiffs, engaging in a thorough review of payroll records, performing the damage calculation audit, appearing for lengthy Settlement Conferences before Magistrate Judge Francis and several Status Conferences before Your Honor, and drafting and negotiating this settlement. Accordingly, the time spent by Plaintiffs' counsel on this case was reasonable.

As the requested attorneys' fees and costs are reasonable under either the percentage or lodestar method, and every Plaintiff has agreed to these fees and costs by signing the settlement agreement, they should be approved.

### D. The Parties Request that the Settlement Remain Confidential and If Necessary Be Filed Under Seal

As noted above, the parties submit the Agreement for review and approval. The parties respectfully request that the Court issue an Order indicating that the settlement is fair and reasonable. The parties also respectfully request that the Agreement remain confidential and be filed under seal and without disclosing the actual content and terms of Agreement.


# VIRGINIA
# & AMBINDER LLP
Attorneys at Law

Confidentiality of the Agreement is a material term to the Agreement, and part of the consideration provided therein. Indeed, one of the reasons that the parties were able to reach a settlement in this case was under the belief that the Agreement would remain confidential.

The Second Circuit has held that there is no presumption of public access with respect to settlement agreements or documents related to settlement. *See e.g.*, Gambale v. Deutsche Bank AG, 377 F.3d 133, 140 (2d Cir. 2004)(finding that with respect to documents containing the terms of confidential settlement agreements, "[t]here is no established presumption of access of which we have been made aware with respect to the information contained in them"). In another case, the Second Circuit has explicitly acknowledged that, in an effort to encourage amicable resolution of disputes, the district court retains discretion to deny public access to settlement documents. *See* City of Hartford v. Chase, 942 F.2d 130, 135 – 136 (2d Cir. 1991) (finding that upon review of the agreement or document to be sealed, "[a] federal judge has the power to prevent access to settlement negotiations . . .to encourage the amicable resolution of disputes.") (*citing* Palmieri v. State of New York, 779 F.2d 861, 864-65 (2d Cir. 1985)).

Under this standard, the Second Circuit has consistently approved the sealing of documents in support of settlement agreements, as well as the settlement agreements themselves, where, as here, the parties relied upon, and/or conditioned the settlement on, confidentiality of its terms. *See* City of Hartford, 942 F.2d at 136 (concluding that the lower court's decision to seal settlement documents was proper because "[a] judicial assurance of confidentiality was a prerequisite to the parties' decision to settle their dispute"); Gamable, 377 F.3d at 143 - 144 (reversing a lower court's order unsealing a court transcript which included references to the terms of a confidential settlement agreement because the defendant disclosed the terms to the court "[b]ased on what it may have thought were assurances of confidentiality"). Indeed, where the parties have relied upon the confidentiality of their settlement discussions and/or agreements, district courts have protected the parties' reliance "[a]bsent some showing of improvidence in the grant of [the protective] order, or some extraordinary or compelling need" for disclosure. *See* IIT v. Int'l Controls Corp., No. 76-Civ-1547, 2009 U.S. Dist. LEXIS 89338, at * 2-3 (S.D.N.Y. September 21, 2009) (denying plaintiff's request to unseal an envelope maintained by the court containing the settlement agreements of the parties in the action because despite the death of defendant, the plaintiff-movant "[h]as made no showing of extraordinary circumstances or a compelling need") (internal citations and quotations omitted). Accordingly, the parties respectfully request, that the Court maintain the confidentiality of all documents related to the terms of the parties' settlement agreement, including the submissions with respect to the fairness of the settlement.

In the event the Court will not file the Agreement under seal, as an alternative, the parties request that the publicly-available Agreement be redacted as to the parts reflecting settlement amounts, and that the unredacted Agreement be filed under seal. These are all mechanisms utilized by other New York courts in FLSA cases under appropriate circumstances. Falleson v. Paul T. Freund Corp., 2010 U.S. Dist. LEXIS 80472

5



# VIRGINIA & AMBINDER LLP
Attorneys at Law

(W.D.N.Y. Aug. 10, 2010) (Court takes steps to preserve confidentiality of parties' FLSA settlement); Le v. Sita Information Networking Computing USA, Inc., 2008 U.S. Dist. LEXIS 46174 (E.D.N.Y. June 12, 2008) (Court approved FLSA settlement following confidential review of settlement agreement and affirmation from Plaintiffs' counsel); Medley v. American Cancer Soc'y, 2010 U.S. Dist. LEXIS 75098, at *1 n.1 (S.D.N.Y. July 23, 2010) ("Because the terms of the settlement agreement are confidential, it will be filed under seal"); Eiji Suda v. Sushiden Corp., 2011 U.S. Dist. LEXIS 31298 (S.D.N.Y. Mar. 23, 2011) (authorizing redaction of publicly filed FLSA agreement);[1] Savarese v. Cirrus Design Corp., 2010 U.S. Dist. LEXIS 21690 (S.D.N.Y. Mar. 8, 2010) (same).

In light of the foregoing, the parties respectfully request that Your Honor approve the Settlement Agreement because it is fair and reasonable.

Respectfully Submitted,

*Attorneys for Plaintiffs*                            *Attorneys for Defendants*

By: /s/                                               By: /s/
Suzanne B. Leeds, Esq.                                Glenn S. Grindlinger, Esq.
VIRGINIA & AMBINDER, LLP                              FOX ROTHSCHILD LLP
111 Broadway, Suite 1403                              100 Park Avenue
New York, New York 10006                              New York, New York 10017
(212) 943-9080                                        (212) 905-2305


By: /s/
Jeffrey K. Brown, Esq.
Michael Tompkins, Esq.
LEEDS BROWN LAW, P.C.
One Old Country Road, Suite 347
Carle Place, New York 11514
(516) 873-9550

---

[1] Should the Court require such a filing, and grant the parties' request for redaction of settlement amounts from the settlement agreement, counsel will provide the Court with a redacted copy of same for filing.

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIGUEL FLORES TEODORO & ALFREDO ANGEL REYES, individually and on behalf of all other persons similarly situated who were employed by BROADWAY DESSERT, LTD d/b/a/ FRENCH ROAST; BROADWAY DESSERT INC.; SIMON OREN; RUBEN OREN; and/or any other entities affiliated with or controlled by BROADWAY DESSERT, LTD; SIMON OREN; RUBEN OREN; and/or BROADWAY DESSERT INC., <br><br>Plaintiffs, <br><br>-against- <br><br>BROADWAY DESSERT, LTD d/b/a/ FRENCH ROAST; BROADWAY DESSERT INC.; SIMON OREN; RUBEN OREN; and/or any other entities affiliated with or controlled by BROADWAY DESSERT, LTD, RUBEN OREN, RUBEN OREN, and/or BROADWAY DESSERT INC., <br><br>Defendants. | No. 11-cv-4730 (JGK) |

### SETTLEMENT AGREEMENT AND GENERAL RELEASE

Plaintiffs Miguel Flores Teodoro and Alfredo Angel Reyes and Opt-In Plaintiffs Amanda Catrini, Joseph Constantino, Luis Cuamani, Samantha Fairweather, Macey Mayfield, Braulio Sosayas, Jessica Todman, Everado Vazquez, Melissa Waaland, and Elial Xoyatla, on behalf of themselves and all of their heirs, executors, administrators, attorneys, and assigns (collectively, "Plaintiffs") and Broadway Dessert, Ltd d/b/a French Roast, on its own behalf, on behalf of its present and former directors, officers, partners, employees, representatives, agents, attorneys, owners, and insurers, including without limitation Simon Oren and Rueven Oren, and on behalf of all of their parents, subsidiaries, affiliates, successors, related entities, assigns, heirs, executors, administrators, and attorneys (collectively "Defendants" and with Plaintiffs, the "Parties") hereby agree upon this Settlement Agreement and General Release ("Agreement") as a resolution of all issues involved herein as follows:

1. **Preliminary Matters.** Plaintiffs have reviewed the terms of this Agreement, have had the opportunity to confer with their legal counsel, Virginia & Ambinder, LLP, and/or other advisors of their own choosing in order to obtain advice with respect to the terms of this Agreement, and have had the opportunity to consider their advice with respect to the foregoing and following Agreement. Plaintiffs enter into this Agreement voluntarily and with a full understanding of its terms.

2. **No Admission of Liability.** The parties hereto recognize and agree that Defendants, do not admit, and expressly deny, any violation of law or any liability to Plaintiffs

or to anyone else as a result of or growing out of the matters set forth in the Complaint styled Teodoro, et al. v. Broadway Dessert, Ltd d/b/a French Roast, et al., Civil Action No. 11-cv-4730 (JGK), filed in the United States District Court for the Southern District of New York (the "Pending Action"), or which could have been raised in such suit, or which otherwise involve Plaintiffs' employment relationship with Defendants and the separation or termination of Plaintiffs' employment relationship. Neither this Agreement, nor its terms, will be admissible in any proceeding other than in a proceeding for breach of the terms of this Agreement as set forth herein.

      3.    **Dismissal of Pending Action.** For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiffs acknowledge, Plaintiffs agree: (1) to dismiss with prejudice, or cause to be dismissed with prejudice, the Pending Action; (2) not to re-file the causes of action asserted in the Pending Action, or any other causes of action against Defendants arising from employment-related or other matters that were encompassed or could have been encompassed or raised in the Pending Action; and (3) not to institute any action against any Defendants in any court or other forum based on the allegations of discrimination or retaliation based on facts existing prior to the date of this Agreement. The Parties expressly authorize their counsel to execute the Stipulation of Discontinuance set forth in Exhibit A attached hereto and to submit any papers to the Court that are necessary for the effectuate the dismissal of the Pending Action.

      4.    **Consideration.** Defendants agree to pay Plaintiffs and their attorneys the total sum of Fifty-Five Thousand Dollars ($55,000.00) as set forth and allocated in Section 7 below (hereinafter the "Settlement Payment"), and other good and valuable consideration as described below. The Parties acknowledge and agree that the Settlement Payment includes attorneys' fees and costs and liquidated damages. Further, Plaintiffs agree that they have no entitlement to any wages, compensation, bonuses, commissions, gratuities, payouts, severance pay, vacation pay, or other benefits, damages, attorneys' fees or costs from Defendants, except as specifically provided in this Settlement Agreement.

      5.    **General Release by Plaintiffs.** In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which they had, now have or hereafter can, shall or may have against Defendants, arising out of, by reason of, or relating in any way whatsoever to any matter, cause or thing from the beginning of the world to the effective date of this Agreement, including but not limited to: (i) claims arising directly or indirectly from Plaintiffs' association with Defendants, whether as independent contractors, employees, or otherwise, and the termination of that association; (ii) claims arising directly or indirectly from the actions or inaction of Defendants; (iii) claims under federal, state or local laws, statutes, constitutions, regulations, rules, ordinances or orders, including, but not limited to, claims under the New York Labor Law, the Wage Theft Prevention Act, the Fair Labor

Standards Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Age Discrimination in Employment Act, the Americans with Disabilities Act of 1990, the Employee Retirement Income Security Act of 1974, the New York State Human Rights Law, the New York City Human Rights Law, each as amended, or any other federal, state, or municipal law; (iv) claims for overtime, commissions, unpaid wages, whether based on common law or otherwise, and specifically includes all claims for unpaid overtime, improper deductions, travel time, spread of hours pay, bonuses, expense reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiffs' employment with Defendants and other compensation, wages, or benefits including, but not limited to, life insurance, accidental death and disability insurance, sick leave, or other employer provided plan or program, distributions of income or profit, vacation or other leave time, retirement, pension, the use of information obtained by Defendants as a result of the offering of group health insurance coverage and/or any related penalties, damages, liquidated damages and attorneys' fees under federal, state and local law; and (v) any other claim, whether for monies owed, reimbursement, attorneys' fees, litigation costs, damages, torts, intentional infliction of emotional distress, negligence, promissory estoppel, breach of contract, breach of an implied covenant of good faith and fair dealing, constructive discharge, wrongful discharge, defamation, fraud, misrepresentation, or otherwise, arising prior to or at the time of the execution of the Agreement, including, but not limited to, all claims asserted in the Pending Action. This release is limited solely and only to claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any claims that may occur after that date. The only exclusions from this release provision are claims for unemployment insurance and workers compensation. Plaintiffs hereby specifically acknowledge that this Agreement, and the monies received by Plaintiffs and referenced herein, are a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act and/or time worked.

6. **Plaintiffs Responsibility for Taxes**. Plaintiffs assumes full responsibility for their respective portion of the Settlement Payment of any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiffs under any federal, state, or municipal laws of any kind, with respect to the monies paid by Defendants to Plaintiffs pursuant to this Agreement. Indeed, although the parties believe, in good faith, that the tax treatment of the Settlement Payment referenced in this Agreement is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that Plaintiffs and/or any Defendant is liable for any failure by any Plaintiff to pay federal, state or local income or employment taxes with respect to the Settlement Payment set forth in this Agreement, or liable for interest or penalties related thereto, that Plaintiff agrees to hold Defendants harmless for any such liability.

7. **Payment**.

    A. The Settlement Payment, totaling $55,000.00, shall be allocated as set forth in this Section 7.

    (i) $18,333.36 of the Settlement Payment shall be allocated towards Plaintiffs' back bay and shall be paid to the Plaintiffs as follows:

(1) $2,845.86, less applicable taxes and withholdings, shall be paid to Miguel Teodoro;

(2) $2,816.26, less applicable taxes and withholdings, shall be paid to Alfredo Reyes;

(3) $286.08, less applicable taxes and withholdings, shall be paid to Amanda Catrini;

(4) $1,228.05, less applicable taxes and withholdings, shall be paid to Joseph Constantino;

(5) $1,561.38, less applicable taxes and withholdings, shall be paid to Luis Cuamani;

(6) $171.67, less applicable taxes and withholdings, shall be paid to Samantha Fairweather;

(7) $64.65, less applicable taxes and withholdings, shall be paid to Macey Mayfield;

(8) $2,949.88, less applicable taxes and withholdings, shall be paid to Braulio Sosayas;

(9) $256.67, less applicable taxes and withholdings, shall be paid to Jessica Todman;

(10) $2,888.06, less applicable taxes and withholdings, shall be paid to Everado Vazquez;

(11) $204.42, less applicable taxes and withholdings, shall be paid to Melissa Waaland; and

(12) $3,060.38, less applicable taxes and withholdings, shall be paid to, Elial Xoyatla.

(ii) $18,333.31 of the Settlement Payment shall be allocated towards liquidated damages and shall be paid to the Plaintiffs as follows:

(1) $2,845.86 shall be paid to Miguel Teodoro;

(2) $2,816.26 shall be paid to Alfredo Reyes;

(3) $286.07 shall be paid to Amanda Catrini;

(4) $1,228.04 shall be paid to Joseph Constantino;

(5) $1,561.38 shall be paid to Luis Cuamani;

NY1 621304v1 12/13/12

    (6) $171.67 shall be paid to Samantha Fairweather;

    (7) $64.65 shall be paid to Macey Mayfield;

    (8) $2,949.88 shall be paid to Braulio Sosayas;

    (9) $256.66 shall be paid to Jessica Todman;

    (10) $2,888.05 shall be paid to Everado Vazquez;

    (11) $204.41 shall be paid to Melissa Waaland; and

    (12) $3,060.38 shall be paid to, Elial Xoyatla.

  (iii) $18,333.33 of the Settlement Payment shall be allocated towards attorneys' fees and shall be paid to Virginia & Ambinder, LLP.

  B. All payments set forth in Section 7(A) shall be paid within thirty (30) days after the Pending Action is dismissed with prejudice by the Court.

  C. Defendants shall issue each plaintiff an IRS Form W-2 with respect to the payments that they receive in Section 7(A)(i) of this Agreement. If required by applicable law, Defendants shall issue an IRS Form 1099 to each Plaintiff for the payments that they received under Section 7(A)(ii) of this Agreement. Defendants shall issue an IRS Form 1099 to Virginia & Ambinder, LLP with respect only to the payment that they receive as set forth in Section 7(A)(iii). Virginia & Ambinder, LLP agree to provide Defendants with a completed IRS Form W-9 within fifteen (15) days after this Agreement is fully-executed.

  **8.** **Confidentiality/Non-Referral.**

  A. It is the intention of the Parties and as an essential part of this Settlement Agreement that Plaintiffs agree that they have kept, will keep, and shall keep, the existence and terms of this Settlement Agreement confidential, and they have not disclosed, and shall not disclose, them to anyone except to their immediate family members, financial advisors and attorneys ("Plaintiffs' Confidants"), provided Plaintiffs' Confidants agree to abide by terms of this Section 8. In the event that any of Plaintiffs' Confidants violate the terms of this Section 8, such violation shall be deemed a violation by Plaintiff of the terms of this Section 8.

  B. Plaintiffs recognize and acknowledge that their agreement to be bound by and to strictly comply with the confidentiality obligations set forth in Section 8(A) is a material inducement to Defendants' willingness to enter into this Agreement, and that Defendants would not have entered into this Agreement absent such agreement by Plaintiff. Accordingly, in the event of any violation of Section 8(A), Plaintiffs recognize and agree that if a court or arbitrator determines that any Plaintiff has violated or breached Section 8(A), that Plaintiff shall be required to pay Defendants damages for each such violation plus the Defendants' legal fees and costs, and all other terms and conditions of this Agreement shall remain in full force and effect. Plaintiffs also agree that Defendants would be irreparably harmed by any actual or threatened

violation of Section 8(A) and that Defendants will be entitled to an injunction prohibiting any Plaintiff from committing any such violation without having to post a bond.

    C.  The parties agree that if specifically asked about the status of the Pending Action or this Agreement generally, Plaintiffs and Defendants agree that he, she, or it will respond solely by stating that "The Parties' dispute has been amicably resolved."

    D.  Nothing in this Section 8 shall be construed to prevent any individual from disclosing information to any governmental taxing authority or to any court or judicial officer or pursuant to a valid court order, subpoena, or other lawful process.

   9.  **Governing Law.** The rights and obligations of the parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable (other than Section 5, as to which all monies paid hereunder must be returned to Defendants if found to be invalid or unenforceable), the remaining provisions shall continue in full force and effect notwithstanding. Plaintiffs acknowledge that they have not previously transferred, assigned or conveyed any right or claim released in this Agreement. The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

   10.  **Status of Settlement If Case Is Not Ultimately Dismissed.** In the event the Court fails to dismiss the Pending Action with prejudice as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement, and the parties shall proceed in all respects as if the Agreement had not been executed.

   11.  **Important Acknowledgments.** It is further understood and agreed that the Settlement Payment and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby. The parties represent and warrant that the Settlement Payment is fair and reasonable. The parties represent and warrant that the attorneys' fees portion of the Settlement Payment is fair and reasonable. The parties represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their attorneys. The parties acknowledge that they have jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily.

   12.  **No Other Representations or Agreements.** Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties, and supersede and replace all prior negotiations and all

agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. This is an integrated document.

13. **No Modification Except In Writing.** This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

14. **Execution In Counterpart.** This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

15. Plaintiffs understand, represent and agree that they:

(A) Have carefully read and fully understand all of the provisions of this Agreement;

(B) Are, through this Agreement, releasing Defendants, from any and all claims that Plaintiffs may have against them relating to Plaintiffs' employment with Defendants, or Plaintiffs' separation from employment with Defendants;

(C) Knowingly and voluntarily agrees to all of the terms set forth in this Agreement; and

(D) Knowingly and voluntarily intends to be legally bound by this Agreement;

Dated: December ___, 2012
New York, New York

IN WITNESS WHEREOF, the parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of the day and year first above written.

| MIGUEL FLORES TEODORO | BROADWAY DESSERT, LTD d/b/a/ FRENCH ROAST |
|---|---|
| | By: _____ |
| ALFREDO ANGEL REYES | SIMON OREN |
| AMANDA CATRINI | RUEVEN OREN |

-7-

NY1 621304v1 12/13/12

agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. This is an integrated document.

13. **No Modification Except In Writing.** This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

14. **Execution In Counterpart.** This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

15. Plaintiffs understand, represent and agree that they:

(A) Have carefully read and fully understand all of the provisions of this Agreement;

(B) Are, through this Agreement, releasing Defendants, from any and all claims that Plaintiffs may have against them relating to Plaintiffs' employment with Defendants, or Plaintiffs' separation from employment with Defendants;

(C) Knowingly and voluntarily agrees to all of the terms set forth in this Agreement; and

(D) Knowingly and voluntarily intends to be legally bound by this Agreement;

Dated: January ____, 2013
New York, New York

**IN WITNESS WHEREOF**, the parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of the day and year first above written.

| MIGUEL FLORES TEODORO | BROADWAY DESSERT, LTD d/b/a/ FRENCH ROAST |
|---|---|
| _/s/_ | By: _____ |
| ALFREDO ANGEL REYES | SIMON OREN |
| _/s/ Reyes_ | _____ |
| AMANDA CATRINI | RUEVEN OREN |
| _/s/ Amanda Catrini_ | _____ |

-7-

JOSEPH CONSTANTINO

*[signature]*

LUIS CUAMANI

*[signature]*

SAMANTHA FAIRWEATHER

*Samantha Fairweather*

MACEY MAYFIELD

_____

BRAULIO SOSAYAS

*[signature]*

JESSICA TODMAN

*[signature]*

EVERADO VAZQUEZ

*[signature]*

MELISSA WAALAND

_____

ELIAL XOYATLA

_____

-8-

JOSEPH CONSTANTINO

*[signature]*

---

LUIS CUAMANI

*[signature]*

---

SAMANTHA FAIRWEATHER

---

MACEY MAYFIELD

*Macey Mayfield*

---

BRAULIO SOSAYAS

*[signature]*

---

JESSICA TODMAN

*[signature]*

---

EVERADO VAZQUEZ

*[signature]*

---

MELISSA WAALAND

*[signature]*

---

ELIAL XOYATLA

---

NY1 621304v1 12/13/12

-8-

JOSEPH CONSTANTINO
*[signature]*
_____

LUIS CUAMANI
*[signature]*
_____

SAMANTHA FAIRWEATHER
_____


MACEY MAYFIELD
_____


BRAULIO SOSAYAS
*[signature]*
_____

JESSICA TODMAN
*[signature]*
_____

EVERADO VAZQUEZ
*[signature]*
_____

MELISSA WAALAND
_____


ELIAL XOYATLA
*[signature]*
_____

-8-

JOSEPH CONSTANTINO

*[signature]*

LUIS CUAMANI

*[signature]*

SAMANTHA FAIRWEATHER

_____

MACEY MAYFIELD

_____

BRAULIO SOSAYAS

*[signature]*

JESSICA TODMAN

*[signature]*

EVERADO VAZQUEZ

*[signature]*

MELISSA WAALAND

*[signature]* M.Waaland

ELIAL XOYATLA

*[signature]*

-8-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIGUEL FLORES TEODORO & ALFREDO ANGEL REYES, individually and on behalf of all other persons similarly situated who were employed by BROADWAY DESSERT, LTD d/b/a/ FRENCH ROAST; BROADWAY DESSERT INC.; SIMON OREN; RUBEN OREN; and/or any other entities affiliated with or controlled by BROADWAY DESSERT, LTD; SIMON OREN; RUBEN OREN; and/or BROADWAY DESSERT INC., <br><br>                    Plaintiffs, <br><br> -against- <br><br> BROADWAY DESSERT, LTD d/b/a/ FRENCH ROAST; BROADWAY DESSERT INC.; SIMON OREN; RUBEN OREN; and/or any other entities affiliated with or controlled by BROADWAY DESSERT, LTD, RUBEN OREN, RUBEN OREN, and/or BROADWAY DESSERT INC., <br><br>                    Defendants. | No. 11-cv-4730 (JGK) |

## STIPULATION OF DISCONTINUANCE WITH PREJUDICE

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiffs Miguel Flores Teodoro and Alfredo Angel Reyes and Opt-In Plaintiffs Amanda Catrini, Joseph Constantino, Luis Cuamani, Samantha Fairweather, Macey Mayfield, Braulio Sosayas, Jessica Todman, Everado Vazquez, Melissa Waaland, and Elial Xoyatla (collectively "Plaintiffs") and Defendants Broadway Dessert, Ltd d/b/a French Roast, Simon Oren, and Rueven Oren (collectively "Defendants") hereby stipulate, by and through their counsel, that the claims asserted by the Plaintiffs in the Complaint against Defendants shall be unconditionally dismissed with prejudice, and without costs or attorneys' fees to any party.

VIRGINIA & AMBINDER, LLP

*[signature]*

Suzanne Leeds, Esq.
111 Broadway 14th Floor
New York, New York 10006
(212) 943-9080

LEEDS BROWN LAW, P.C.

*[signature]*

Jeffrey K. Brown, Esq.
Michael Tompkins, Esq.
One Old Country Road, Suite 347
Carle Place, New York 11514
(516) 873-9550
*Attorneys for Plaintiffs*

FOX ROTHSCHILD LLP

*[signature]*

Carolyn D. Richmond, Esq.
Glenn S. Grindlinger, Esq.
100 Park Avenue, Suite 1500
New York, New York 10017
(212) 878-7900
*Attorneys for Defendants*

SO ORDERED:

_____

NY1 621304v1 12/13/12